IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALLI J. MCFADDEN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-2900 |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                    **September 30, 2020**

Pro se Plaintiff Talli J. McFadden brings this civil rights action against Defendants United States of America and three Federal Detention Center (FDC) employees: Officer Antoinette Ellis, Officer Kenneth Zellars, and Supervisor Kim Lindley. McFadden moves for a preliminary injunction because he alleges that while he has been detained at the FDC, Officer Ellis has not permitted him to receive mail from the courts, his lawyer, or friends and family, in violation of his First Amendment rights. To remedy this issue, McFadden asks the Court to remove Officer Ellis from her position in the mailroom at the FDC while this case is pending. Because McFadden has failed to demonstrate a reasonable likelihood of success on the merits or irreparable harm if an injunction is not granted, the Court will deny the motion.

**BACKGROUND**

McFadden is an inmate currently in custody at the Federal Detention Center in Philadelphia (FDC). On July 2, 2019, McFadden filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States of America, and FDC employees Officer Antoinette Ellis, Officer Kenneth Zellars, and Supervisor Kim Lindley. He alleges retaliation and interference with mail under First Amendment *Bivens* theories, conspiracy under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), and both negligent and intentional infliction of emotional distress. *See* Complaint, ECF No. 2.

McFadden claims his sister, then an inmate at FDC, filed a sexual assault complaint against Zellars. Because of his sister's complaint, he alleges FDC personnel engaged in a pattern of retaliation and harassment against him starting in July 2017. McFadden claims that, on multiple occasions, FDC personnel did not permit him to receive mail, returned his sent mail, and refused to copy his legal paperwork. With respect to Ellis, McFadden alleges she rejected mail from his friends and family on at least two occasions in January and February 2018.[1] When he asked another mailroom worker why his mail was rejected, McFadden claims the worker indicated Ellis rejected the mail because of McFadden's sister's sexual assault complaint. McFadden requested an administrative remedy on February 15, 2018. FDC's warden denied his request on March 15, 2018. McFadden appealed the Warden's decision to the Regional Director on March 26, 2018. His appeal was denied on May 1, 2018.

On November 4, 2019, McFadden filed the instant motion for a preliminary injunction. *See* Mot. for Prelim. Inj., ECF No. 17. In his motion, McFadden details four instances of Ellis rejecting his mail because Ellis deemed it sexually explicit, as well as one instance where his legal mail was delayed. Claiming violations of his First Amendment rights, McFadden asks that the Court "put in place a preliminary injunction against [Ellis] to be removed from her current position in the mailroom until this civil action is concluded . . . ." *Id.* at 1. After several extensions, Defendants filed a motion to dismiss on July 22, 2020. *See* Mot. to Dismiss, ECF No. 25. Defendants responded to the motion for a preliminary injunction on September 21, 2020. *See* Resp. in Opp'n, ECF No. 29.

---

[1] The Court will not address the other Defendants' conduct because McFadden makes no allegation regarding them in his motion for preliminary injunction. *See Ball v. Famiglio*, 396 F. App'x. 836, 837 (3d Cir. 2010) ("[T]here must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (internal quotations and citation omitted). Therefore, the Court will address only Ellis's conduct.

**DISCUSSION**

The Court will deny McFadden's motion because he has failed to demonstrate a reasonable likelihood of success on the merits or that he will be irreparably harmed. To obtain a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, a movant must first demonstrate the two "most critical" factors: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (alteration in original). If a movant meets both of these two "gateway factors," a district court balances them alongside two additional factors: "(3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Id.* at 179, 176. A preliminary injunction is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). "A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994).

McFadden has not demonstrated a reasonable probability of success on the merits. A likelihood of success on the merits "requires a showing significantly better than negligible but not necessarily more likely than not." *Reilly*, 858 F.3d at 179. "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. *See Punnett v. Carter*, 621 F.2d 578, 582-83 (3d Cir.1980); *McCahon v. Pa. Tpk. Comm'n*, 491 F.Supp.2d 522, 527 (M.D.Pa.2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. *See BP Chems. Ltd. v. Formosa Chem. & Fibre*

*Corp.*, 229 F.3d 254, 264 (3d Cir.2000). McFadden's motion does not address his likelihood of success on the merits with respect to any of his claims, beyond a conclusory statement that Ellis's actions violated his First Amendment rights, "i.e. not to be harassed or retaliated against because he is exercising his rights." Mot. for Prelim. Inj. 1, ECF No. 17. However, because McFadden proceeds pro se, the Court will construe the motion liberally and consider it alongside his Complaint. *See Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 320 (3d Cir. 2019). McFadden's Complaint alleges, inter alia, a First Amendment retaliation claim as well as what the Court interprets as a First Amendment interference with mail claim. *See* Complaint ¶¶ 56, 59, 65. The Court therefore construes McFadden's instant motion to advance two First Amendment *Bivens* claims—retaliation and interference with mail.[2]

Pursuant to *Bivens*, a plaintiff may bring a claim against federal agents acting unconstitutionally under color of federal law. The Supreme Court has recognized a *Bivens* remedy under the Fourth Amendment, the Fifth Amendment's Due Process Clause, and the Eighth Amendment's prohibition against cruel and unusual punishment. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017). However, "[e]xpanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* To determine whether a *Bivens* cause of action should be recognized in a new context, courts must first determine whether the case presents a new *Bivens* context, and second ask whether any special factors counsel hesitation in extending the remedy. *See id.* at 1857–59. One particularly weighty special factor is whether an alternative remedial structure is available to the plaintiff. *See id.* at 1858 ("[I]f there is an alternative remedial structure present in a certain case, that alone may

---

[2] The Court notes that Count VII of McFadden's Complaint, which alleges First Amendment retaliation under *Bivens*, is asserted only against Supervisor Lindley. *See* Complaint ¶ 65. In this motion, however, McFadden only seeks relief against Ellis. In addressing this motion, the Court will nonetheless address McFadden's likelihood of success on his First Amendment retaliation claim even though it is not alleged against Ellis in the Complaint.

limit the power of the Judiciary to infer a new *Bivens* cause of action."). A second is separation-of-powers principles. *See id.* at 1857.

McFadden cannot demonstrate a likelihood of success because the claims he asserts are not recognized under *Bivens*. McFadden asserts two First Amendment claims and the Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). Therefore, McFadden's First Amendment retaliation and interference of mail claims present novel *Bivens* contexts. In recent years, the Third Circuit has repeatedly rejected extending *Bivens* to First Amendment retaliation claims related to prison procedure. *See Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018) (declining to extend *Bivens* to a First Amendment retaliation claim related to an inmate's cell assignment); *Mack v. Yost*, 968 F.3d 311, 319 (3d Cir. 2020) (declining to extend *Bivens* to a First Amendment retaliation claim in the prison workplace assignment context).

In declining to extend *Bivens* to these First Amendment retaliation claims, the Third Circuit noted courts have "afforded a level of deference to the decision making of prison officials," recognizing "day-to-day administrative decisions have been committed solely to the province of the BOP." *Mack*, 968 F.3d 323. The Court is persuaded prison officials' decisions regarding inmate mail are entitled to that same deference. This special factor, which is rooted in separation-of-powers principles,  applies with equal weight to McFadden's interference with mail claim, which stems from the same alleged conduct—that Ellis rejected mail from McFadden's family and friends on at least two occasions. *See Railey v. Ebbert*, 407 F. Supp. 3d 510, 521–22 (M.D. Pa. 2019) (declining to extend *Bivens* to First Amendment interference with mail claim in prison context).

5

Moreover, an administrative remedy was available to McFadden, and he made use of it. McFadden requested an administrative remedy regarding Ellis's conduct in February 2018. *See* Complaint 25. His request was denied by the warden. *Id.* at 26. He appealed to the Regional Director, and his appeal was denied. *Id.* at 27-28. Although McFadden was not successful in seeking an administrative remedy, it does not mean an alternative remedy was unavailable to him. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability."); *see also Railey*, 407 F. Supp. 3d at 521-22 (citing availability of an administrative remedy in declining to extend *Bivens* to interference with mail claim). It is sufficient that the administrative remedy was available to McFadden, he made use of it, and the prison officials addressed it. Taken together, these special factors counsel against extending *Bivens* to either of McFadden's First Amendment claims. Accordingly, because McFadden's First Amendment claims are not recognized, he has not demonstrated a reasonable likelihood of success on the merits.

Turning to the second gateway factor, McFadden has also failed to show he will be irreparably harmed absent an injunction. A movant seeking a preliminary injunction must make a "clear showing of immediate irreparable injury." *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 358 (3d Cir. 1980) (citation omitted). The injury must constitute "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno*, 40 F.3d at 653 (internal quotation marks and citation omitted). The preliminary injunction "must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Additionally, "the risk of irreparable harm must not be speculative." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000).

McFadden has presented no evidence that he will face irreparable harm if Ellis is not removed from her position in the mailroom. In support of his motion, McFadden attaches four rejection forms from the prison stating that his mail was rejected because it was sexually explicit. Mot. for Prelim. Inj. Exs. A-D, ECF No. 17. McFadden describes the rejected mail as "pictures . . . that are equivocal with what are in lingerie ads in daily newspapers." *Id.* at 2. McFadden's inability to receive these pictures does not amount to irreparable harm. Without evidence, McFadden also alleges Ellis has denied him "any mail from the courts or from his lawyer." *Id.* at 1. These allegations fail to meet the standard for irreparable harm.

As a preliminary matter, McFadden represents himself in this case pro se, and therefore does not have counsel from whom mail could be denied in this case.[3] Further, McFadden's regular and timely filings in this case demonstrate that he has ample access to the judicial system. *See Ball v. Oden*, 396 F. App'x 886, 887 (3d Cir. 2010) ("[Plaintiff] has not shown that defendants are irreparably injuring her ability to litigate this or any other suit."). McFadden's unsupported assertion that he will be denied access to the courts unless Ellis is removed from the mailroom is therefore too speculative to amount to irreparable harm. *See Lawson v. Overmyer*, No. 17-38, 2017 WL 5178506, at *2 (W.D. Pa. Aug. 7, 2017) (finding plaintiff failed to show irreparable harm because he only alleged prison officials withheld his personal mail in past and were likely to do so in future), *adopted by*, 2017 WL 5176396 (W.D. Pa. Nov. 7, 2017). In short, McFadden has not provided any evidence that he will face irreparable harm unless Ellis is removed from her position.[4]

---

[3] The Court recognizes McFadden has initiated several civil cases and is in custody for the criminal case against him, any of which may have had mail that was allegedly interfered with. However, upon review of the dockets, McFadden has continuously made filings and responded to orders and motions, suggesting he will not be irreparably harmed by Ellis's alleged withholding of mail.

[4] Because McFadden failed to establish a likelihood of success on the merits and irreparable harm, the Court need not address the remaining two factors—possibility of harm to others from granting

**CONCLUSION**

Because McFadden is unlikely to succeed on the merits of his *Bivens* claims, and because

he has failed to demonstrate he will be irreparably harmed if an injunction is not issued, his motion

will be denied.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

the injunction, or the public interest in granting injunctive relief. *See Greater Phila. Chamber of Commerce v. City of Philadelphia*, 949 F.3d 116, 133 (3d Cir. 2020) ("Generally, the moving party must establish the first two factors and only if these gateway factors are established does the district court consider the remaining two factors." (internal quotations and citation omitted)).