IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALLI J. MCFADDEN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-2900 |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.** **March 22, 2021**

Pro se Plaintiff Talli J. McFadden brings this civil rights action against Defendants United States of America and three Federal Detention Center (FDC) employees: Officer Antoinette Ellis, Officer Kenneth Zellars, and Supervisor Kim Lindley. McFadden claims Defendants have not permitted him to receive mail from the courts, his lawyer, or friends and family, in violation of his First Amendment rights. He brings First Amendment claims pursuant to *Bivens v. Six Unknown Agents*, 407 U.S. 388 (1971) and 42 U.S.C. § 1983, conspiracy claims pursuant to 42 U.S.C. § 1985(3), and two common law tort claims for intentional and negligent infliction of emotional distress. Defendants move to dismiss McFadden's claims against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because McFadden has not exhausted his administrative remedies under the Federal Tort Claims Act (FTCA), the Court lacks subject matter jurisdiction over McFadden's common law tort claims. And because *Bivens* does not provide a remedy for First Amendment claims, and McFadden failed to sufficiently allege an agreement among the Defendants to sustain his conspiracy claims, he has failed to state claims upon which relief can be granted. The Court will therefore grant Defendants' motion and dismiss all claims.

**BACKGROUND**[1]

At all relevant times, McFadden was a pretrial detainee in custody at the FDC in Philadelphia. In June 2017, McFadden's sister was also an inmate at FDC and filed a sexual assault complaint against Officer Kenneth Zellars. Because of his sister's complaint, McFadden alleges FDC personnel engaged in a pattern of retaliation and harassment against him starting in July 2017. This retaliatory conduct included FDC personnel refusing to give McFadden his mail, returning his sent mail, and refusing to copy his legal paperwork. McFadden alleges Zellers rejected mail to and from friends and family on at least three occasions in July, November, and December 2017. McFadden alleges Officer Antoinette Ellis rejected his mail on at least two occasions in January and February 2018. When McFadden asked why his mail was rejected, either Zellers or a mailroom worker told him it was because of his sister's sexual assault complaint. McFadden also alleges Supervisor Kim Lindley refused to make copies of his legal paperwork in March 2018, stating that she would only make copies for criminal, not civil cases. When he further asked why she was refusing to make copies, she said "'I know what you're up too (sic).'" Compl. ¶ 31.

In response to these alleged incidents, McFadden filed a series of requests for administrative remedies through the Administrative Remedy Program (ARP), the prison's internal grievance process.[2] He requested an administrative remedy against Zellars on December 7, 2017. On December 15, 2017, FDC's warden referred the case for review. The warden stated an

---

[1] In evaluating a motion to dismiss, the court must "accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citation omitted).

[2] ARP consists of four tiers: a request for informal resolution by filing a BP-8, request for an administrative remedy from the warden by filing a BP-9, appeal of the warden's decision to BOP's regional director by filing a BP-10, and final appeal by filing a BP-11. *See* 28 C.F.R. § 542.10 *et seq*.

investigation into the conduct would take place but the findings would not be disclosed to McFadden. McFadden appealed the warden's decision on December 19, 2017, and requested $100,000 in damages.[3] On January 12, 2018, the Regional Director affirmed the warden's decision. McFadden appealed the Regional Director's decision on February 6, 2018. The National Inmate Appeals Administrator affirmed the Regional Director's decision on March 16, 2018, and indicated that McFadden's request for compensatory damages must be filed according to the statutorily mandated procedures.[4]

McFadden attempted to address Ellis's conduct by submitting a request for an administrative remedy against her on February 15, 2018. The warden denied his request on March 15, 2018. McFadden appealed the warden's decision to the Regional Director on March 26, 2018. His appeal was denied on May 1, 2018.

As for Lindley's conduct, McFadden attempted informal resolution on October 11, 2018, and November 11, 2018. On October 12, 2018 he requested an administrative remedy and refiled his request on January 9, 2019. He then filed administrative appeals on February 3 and March 22, 2019.[5] His administrative appeals were denied on June 4, 2019.

On July 2, 2019, McFadden filed a Complaint against the United States of America and FDC employees Officer Antoinette Ellis, Officer Kenneth Zellars, and Supervisor Kim Lindley. He alleges the following claims: (1) conspiracy against all Defendants pursuant to 42 U.S.C.

---

[3] In his appeal to the Regional Director, McFadden expressed his dissatisfaction with the warden's determination to withhold the findings of the investigation from him and also requested $100,000 in damages. *See* Compl. ¶¶ 15–16.

[4] *See* Compl. ¶ 28 (stating tort claim must be filed pursuant to 28 C.F.R. § 543.31 and Program Statement 1320.06, Federal Tort Claims Act).

[5] McFadden did not attach copies of the warden's decisions to the Complaint. Because he appealed these decisions, the requests were likely denied.

§ 1983; (2) intentional infliction of emotional distress against all Defendants; (3) negligent infliction of emotional distress against all Defendants; (4) conspiracy to retaliate in violation of First Amendment rights against Zellars and Ellis pursuant to § 1983; (5) a First Amendment retaliation claim against all Defendants pursuant to § 1983; (6) conspiracy to retaliate against all Defendants pursuant to 42 U.S.C. § 1985; and (7) a First Amendment retaliation claim against Lindley pursuant to § 1983. *See generally* Compl.

After several extensions, Defendants filed a motion to dismiss on July 22, 2020. They argue the Court lacks subject matter over McFadden's common law tort claims because he failed to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA). As for the remaining claims, they argue McFadden has failed to state a claim because §§ 1983 & 1985(3) do not permit claims against federal officers and because *Bivens* does not extend to the First Amendment claims.

**DISCUSSION**

The Court will grant Defendants' motion to dismiss. The Court lacks subject matter over the negligent and intentional infliction of emotional distress claims because McFadden failed to exhaust administrative remedies under the FTCA. McFadden has failed to state a claim for his remaining constitutional and conspiracy claims. The Court will thus dismiss the entirety of the Complaint.

First, the Court will grant Defendants' motion to dismiss McFadden's tort claims for lack of subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1). A defendant may move to dismiss an action if the court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A plaintiff then bears the burden of establishing subject matter jurisdiction. *See Hedges v. United States*, 404 F.3d 744, 750 (3d. Cir. 2005). In considering a

12(b)(1) motion for dismissal, a "court may not presume the truthfulness of [the] plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" *Id.* (citation omitted). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the claim pursuant to Federal Rule of Civil Procedure 12(h)(3).

A plaintiff filing a tort claim against federal employees acting within the scope of their employment should file the claim against the United States and not the federal employees. *See Osborn v. Haley*, 549 U.S. 225, 229–30 (2007). The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act) grants absolute immunity to federal employees whose conduct giving rise to the claim was within their scope of employment. *See id*. The Westfall Act empowers the Attorney General to certify that the employee was acting within the scope of employment at the time of the incident. *See Gutierrez de Martinez v. Lamago*, 515 U.S. 417, 420 (1995) (citing 28 U.S.C. § 2679(d)). Upon certification, the federal employee is dismissed from the action and the United States is substituted as a party defendant. *See id*. The case then becomes subject to the FTCA. *See id*.

The FTCA requires claimants to exhaust administrative remedies before filing suit against the United States for money damages. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). For an inmate of the Bureau of Prisons (BOP),[6] a claim must be filed directly to the Regional Office within two years after the claim occurred. *See* 28 C.F.R. § 543.31(c); BOP Program Statement 1320.06. The BOP's internal grievance process, the Administrative Remedy Program, is distinct and separate from the FTCA's administrative remedy procedure. *See Cuello v. United States*, No. 11-2216, 2013 WL 1338839, at *6 (E.D.N.Y. Mar. 29, 2013); 28 C.F.R. § 542.10 (distinguishing the BOP's Administrative Remedy Program from "statutorily-mandated procedures in place for

[6] The FDC in Philadelphia is operated by the Bureau of Prisons.

tort claims"). The FTCA's exhaustion requirement is jurisdictional and cannot be waived. *See White-Squire v. U.S. Postal Serv*., 592 F.3d 453, 457 (3d Cir. 2010) (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

A delegate of the Attorney General has presented certification that Zellars, Ellis, and Lindley acted within their scope of employment with regard to McFadden's claims. *See* Mot. to Dismiss, Ex. A. ECF No. 25. As a result, the Court will dismiss the tort claims against Zellars, Ellis, and Lindley, and name the United States as the only Defendant. These tort claims, as asserted against the United States, are thus subject to the FTCA. *See Gutierrez de Martinez*, 515 U.S. at 420.

McFadden's common law tort claims must be dismissed because he has not exhausted his administrative remedies as required by the FTCA. *See McNeil*, 508 U.S. at 113. McFadden did not properly file an administrative claim to the Regional Office, as prescribed by BOP regulations, regarding any of the alleged incidents. *See* Mot. to Dismiss, Exs. C, B, ECF No. 25. While he has made use of BOP's internal grievance process, it is separate and distinct from the statutorily mandated process for filing FTCA claims.[7] Because the exhaustion requirement is jurisdictional and cannot be waived, the Court will dismiss McFadden's tort claims against the United States for lack of subject matter jurisdiction. *See Abulkhair v. Bush*, 413 F. App'x 502, 506 (3d Cir. 2011) (affirming district court's dismissal of plaintiff's tort claim because he did not file "an administrative tort claim with . . . any federal agency, and therefore did not exhaust his administrative remedies before filing suit").

---

[7] *See, e.g.*, Compl. 27–28 (stating "if you believe you have suffered a loss as a result of this incident, you may consider filing a tort claim pursuant to the procedures set forth in 28 C.F.R. § 543.31 and Program Statement 1320.06, Federal Tort Claims Act").

Although McFadden may bring these claims after exhausting administrative remedies, the Court will dismiss the tort claims with prejudice and without leave to amend the claims because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint…. the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). McFadden's claims are premised on the emotional distress he suffered as a result of his sister's sexual assault which he learned of after the fact. For both negligent and intentional infliction of distress claims based on bystander theories, however, a plaintiff must allege and prove contemporaneous observation of the injury to a close relative. *See Bloom v. Dubois Reg'l Med. Ctr.*, 597 A.2d 671, 682 (Pa. Super. Ct. 1991) (requiring contemporaneous observation for negligent infliction of emotional distress claim); *Taylor v. Albert Einstein Med. Ctr*, 754 A.2d 650, 652 (Pa. 2000) (requiring the same for intentional infliction of emotional distress). Because McFadden does not allege he was present during the sexual assault and only learned of the incident after it occurred, the Court concludes he cannot plead a claim for either negligent or intentional infliction of emotional distress. Any amendment would be futile. *See Suber-Aponte v. Borough of Pottstown*, No. 15-1314, 2016 WL 5341299, at *8 (E.D. Pa. Sept. 23, 2016) (dismissing intentional infliction of emotional distress claim with prejudice because amendment would be futile).

Turning to McFadden's remaining claims, the Court will dismiss them for failure to state a claim. To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). A pro se pleading must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Starting with McFadden's First Amendment claims, the Court will dismiss them with prejudice because they are not recognized under *Bivens*.[8] McFadden's Complaint alleges a First Amendment retaliation claim as well as what the Court construes as a First Amendment interference with mail claim. He alleges federal prison officers rejected mail to and from family and friends in retaliation for his sister's sexual assault complaint filed against one of the officers. Because the Third Circuit has not extended *Bivens* to First Amendment claims, however, the Court must dismiss McFadden's First Amendment retaliation and interference with mail claims. *See Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018); *see also Railey v. Ebbert*, 407 F. Supp. 3d 510, 521–22 (M.D. Pa. 2019) (declining to extend *Bivens* to First Amendment interference with mail claim in prison context). For this same reason, the Court will dismiss these claims with prejudice and without leave to amend.

---

[8] McFadden's First Amendment claims are all brought pursuant to 42 U.S.C. § 1983. *See* Compl. ¶¶ 57–60, 64–67. Section 1983 claims, however, require action taken under color of state law, not federal law. *See Davis v. Samuels*, 962 F.3d 105, 115 (3d Cir. 2020). Because all of the Defendants are alleged to be federal actors, the § 1983 claims cannot stand and will be dismissed with prejudice. *See id.* (holding district court did not err by dismissing § 1983 claims alleged against federal actors). Pursuant to the Court's duty to construe McFadden's Complaint liberally, however, the Court construes these First Amendment retaliation claims as being brought pursuant to *Bivens*, the federal implied cause of action available as an analog to § 1983 claims against state actors. *See Davis*, 962 F.3d at 111–12.

Next, McFadden's § 1985(3) conspiracy claim will be dismissed because he failed to plausibly allege an agreement amongst the Defendants to violate his First Amendment rights.[9] Section 1985(3) "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983).

Here, McFadden fails to allege nonconclusory, well-pleaded factual allegations that Defendants formed a conspiracy to deprive him of his constitutional rights. The Complaint alleges incidents of retaliation and withholding of mail or legal copies by each individual Defendant at different times. There are no allegations connecting the individual Defendants, let alone any allegations of an agreement among them. The allegations are thus insufficient to raise McFadden's right to relief above the speculative level. *Cf. Twombly*, 550 U.S. at 555–57 (stating to make

---

[9] McFadden alleges three conspiracy claims: two pursuant to § 1983 and one pursuant to § 1985. Because § 1983 claims can only be asserted against state actors, and the Defendants are alleged to be federal actors, the § 1983 conspiracy claims must be dismissed. *See Davis*, 962 F.3d at 115 ("All of the defendants here . . . are alleged to be federal actors or to have acted under color of federal law, so the 1983 claim cannot stand."). The Court will only address the § 1985(3) conspiracy claim which may be asserted against federal actors. *See id.* ("Accordingly, we join many of our sister Circuits in holding that § 1985(3) can redress conspiracies to violate constitutional rights involving those acting under color of federal law.").

plausible allegations of conspiracy "parallel conduct" must be alleged in a "context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action"). Because McFadden fails to allege the Defendants agreed to violate his constitutional rights, the Court will dismiss his § 1985(3) conspiracy claim without prejudice. *See Chinniah v. E. Pennsboro Twp.*, 761 F. App'x 112, 115–16 (3d Cir. 2019) (affirming district court's dismissal of § 1985 conspiracy claim because plaintiff did not provide "plausible grounds to infer an agreement" amongst the defendants). Because the Court cannot conclude that amendment would be futile, this claim will be dismissed without prejudice and McFadden will be granted leave to amend. *See Grayson*, 293 F.3d at 108.

**CONCLUSION**

McFadden's claims all fail for different reasons and will be dismissed. The Court lacks subject matter jurisdiction over McFadden's negligent and intentional infliction of emotional distress claims because he failed to exhaust administrative remedies under the FTCA. *Bivens* does not extend to provide a remedy for First Amendment claims and McFadden's First Amendment retaliation and interference with mail claims must be dismissed. And finally, McFadden's conspiracy claims fail because he did not allege an agreement amongst the Defendants to violate his constitutional rights. Accordingly, the Court will grant Defendants' motion to dismiss and dismiss the Complaint. McFadden will be granted leave to file an amended complaint to cure the deficiencies identified in this Memorandum as to his 42 U.S.C. § 1985(3) claim only, which will be dismissed without prejudice.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.